Leda Dunn Wettre
**ROBINSON, WETTRE & MILLER LLC**
One Newark Center
19th Floor
Newark, NJ 07102
Telephone No.: (973) 690-5400
Facsimile No.: (973) 466-2760
LWettre@rwmlegal.com

OF COUNSEL:
Frank M. Gasparo
Ralph A. Dengler
Todd M. Nosher
Andrew P. MacArthur
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@venable.com

*Attorneys for Defendants FriendFinder Networks Inc. and Streamray Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG ACQUISITION, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> FRIENDFINDER NETWORKS INC., STREAMRAY INC. and DOES 1-20, <br><br> Defendants. | Civil Action No. 14-03456 (ES) (JAD) <br><br> *DOCUMENT FILED ELECTRONICALLY* <br><br> JURY TRIAL DEMANDED <br><br> **Motion Date: October 20, 2014** <br><br><br> **<u>DEFENDANTS FRIENDFINDER NETWORKS INC. AND STREAMRAY INC.'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(B)(6)</u>** |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................1

RELEVANT FACTS ..................................................................................................2

RULE 12(B) STANDARD .........................................................................................3

ARGUMENT ..............................................................................................................4

    A.  The '141 Patent Is Unenforceable.........................................................4

        1.  The '141 Patent Contains Material Errors ..................................4

        2.  The '141 Patent Errors Must Be Corrected.................................7

    B.  WAG's Joint Infringement Claims Are Inadequately Pled .................8

    C.  Plaintiff's Willful Infringement Claims Run Afoul Of The Federal Circuit's *Seagate* Decision ....................................................................10

        1.  Pre-suit Knowledge of the Asserted Patents is Required to Sustain a Claim of Willful Infringement.....................................10

        2.  Plaintiff Has Neither Alleged Pre-suit Knowledge Of The Asserted Patents Nor Sought a Preliminary Injunction ..................12

        3.  Plaintiff's Attempt To Circumvent *Seagate* Is Unavailing ........12

        4.  The FAC Offers No Facts To Support A Claim Of Willfulness..............15

    D.  WAG's Induced Infringement Claims Should be Dismissed as a Matter of Law ...........16

        1.  The FAC Fails To Allege Sufficient Knowledge ......................17

        2.  The FAC Fails To Allege Specific Intent ..................................18

CONCLUSION...........................................................................................................20

## TABLE OF AUTHORITIES

### Cases

*Aguirre v. Powerchute Sports, LLC,*
  2011 WL 2471299 (W.D. Tex. June 17, 2011) ...................................... 17

*Anascape, Ltd. v. Microsoft Corp.,*
  2008 U.S. Dist. LEXIS 111828 (E.D. Tex. Apr. 25, 2008) ..................... 14

*Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.,*
  709 F.3d 1348 (Fed. Cir. 2013) ............................................................... 9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)......................................................................... 2, 3, 4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007).......................................................................... 2, 3, 4

*Biosuccess Biotech Co. Ltd. v. Rich Pharm., et al.,*
  No. 14-cv-00310 (JAK) (C.D. Cal. May 16, 2014), ECF No. 38............. 19

*BMC Res., Inc. v. Paymentech, L.P.,*
  498 F.3d 1373 (Fed. Cir. 2007) ............................................................... 9

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.,*
  904 F. Supp. 2d 1260 (M.D. Fla. 2012).................................................. 17

*Cephalon, Inc. v. Sun Pharms., Ltd.,*
  2013 U.S. Dist. LEXIS 144576 (D.N.J. Oct. 7, 2013)........................... 16

*Chef Am. Inc. v. Lamb-Weston, Inc.,*
  358 F.3d 1371 (Fed. Cir. 2004) ............................................................... 6

*DSU Med. Corp. v. JMS Co.,*
  471 F.3d 1293 (Fed. Cir. 2006)............................................................. 16

*eBay Inc. v. MercExchange, LLC,*
  547 U.S. 388, 391 (2006)................................................................. 13, 14

*Encap LLC v. Oldcastle Retail, Inc.,*
  2012 U.S. Dist. LEXIS 69587 (E.D. Wis. May 18, 2012)........................ 9

*Energizer Holdings, Inc. v. I.T.C.,*
  435 F.3d 1366 (Fed. Cir. 2006) ............................................................... 6

*EnLink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.,*
  2010 WL 1221861 (N.D. Cal. Mar. 24, 2010)........................................ 19

*Execware, LLC v. Staples, Inc.,*
  2012 WL 6138340 (D. Del. Dec. 10, 2012) ........................................... 19

*Geary v. Motel Props., Inc.,*
  2006 U.S. Dist. LEXIS 31915 (S.D. Ind. May 16, 2006) ......................... 3

*Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC,*
  2013 U.S. Dist. LEXIS 94568 (D. Del. July 8, 2013) ........................... 10

*Global-Tech Appliances, Inc., et al. v. SEB S.A.,*
  131 S. Ct. 2060 (2011)........................................................................... 16

*Golden Hour Data Sys., Inc. v. Emscharts, Inc.,*
  614 F.3d 1367 (Fed. Cir. 2010) ............................................................... 9

*Grp. One, Ltd. v. Hallmark Cards, Inc.*,
  407 F.3d 1297 (Fed.Cir.2005) ..................................................................... 7

*GSI Group, Inc. v. Sukup Mfg. Co.*,
  591 F. Supp. 2d 977 (C.D. Ill. 2008) ........................................................... 15

*Honeywell Int'l Inc. v. ICM Controls Corp.*,
  2013 U.S. Dist. LEXIS 169064 (D. Minn. Nov. 22, 2013) ..................................... 16

*H-W Tech., L.C. v. Overstock.com, Inc.*,
  2014 WL 3377128 (Fed. Cir. 2014) ...................................................... 6, 7

*In re Bill of Lading*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................ 16

*In re Seagate Tech.*,
  497 F.3d 1360 (Fed. Cir. 2007) ...................................................... 1, 10, 12

*Intellectual Ventures I LLC v. Nikon Corp.*,
  935 F. Supp. 2d 787 (D. Del. 2013)............................................................ 9

*IPVenture, Inc. v. Cellco P'ship*,
  2011 U.S. Dist. LEXIS 5955 (N.D. Cal. 2011) .............................................. 12

*Leader Techs., Inc. v. Facebook, Inc.*,
  770 F. Supp. 2d 686 (D. Del. 2011)............................................................ 9

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
  134 S. Ct. 2111 (U.S. 2014)................................................................... 9

*Littlefuse, Inc. v. Pac. Eng'g Corp.*,
  2013 U.S. Dist. LEXIS 184067 ( E.D. Mich. June 21, 2013)................................... 3

*LML Holdings, Inc. v. Pac. Coast Distrib.*,
  2012 U.S. Dist. LEXIS 75843 (N.D. Cal. May 30, 2012) ...................................... 11

*McRO, Inc. v. Namco Bandai Games Am., Inc.*,
  2013 U.S. Dist. LEXIS 100764 (C.D. Cal. July 11, 2013) ..................................... 14

*Monec Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012)........................................................... 16

*Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*,
  2012 WL 5966593 (N.D. Ill. Nov. 28, 2012) ................................................. 18

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008) .............................................................. 9

*MyMedicalRecords, Inc. v. Jardogs, LLC*,
  2014 U.S. Dist. LEXIS 1146 (C.D. Cal. Jan. 6, 2014) .......................................... 11

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  134 S. Ct. 2120 (2014)........................................................................ 8

*Netgear Inc. v. Ruckus Wireless Inc.*,
  2013 U.S. Dist. LEXIS 35686 (D. Del. Mar. 14, 2013) ...................................... 11

*Novo Indus., L.P. v. Micro Molds Corp.*,
  350 F.3d 1348 (Fed.Cir.2003) ............................................................... 7

*NU Flow Techs. (2000) Inc. v. A.O. Reed & Co.*,
  2014 U.S. Dist. LEXIS 49870 (S.D. Cal. Apr. 7, 2014)..................................... 4, 9

*Pacing Tech., LLC v. Garmin Intern., Inc*.,
  2013 U.S. Dist. LEXIS 15728 (S.D. Cal. Feb. 5, 2013) ....................... 15

*Potter Voice Techs., LLC v. Apple Inc*.,
  2014 U.S. Dist. LEXIS 1165 (N.D. Cal. Jan. 6, 2014) ......................... 12

*Proxyconn Inc. v. Microsoft Corp*.,
  2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012) ..................... 17

*ReefEdge Networks, LLC v. Juniper Networks, Inc*.,
  2014 U.S. Dist. LEXIS 37322 (D. Del. Mar. 21, 2014) ....................... 11

*Rembrandt Soc. Media, LP v. Facebook, Inc*.,
  950 F. Supp. 2d 876 (E.D. Va. 2013) ................................................ 11

*Richmond v. Lumisol Elec. Ltd*.,
  2014 U.S. Dist. LEXIS 49486 (D.N.J. Apr. 10, 2014) ................ 4, 17, 18

*Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*,
  2012 U.S. Dist. LEXIS 98641 (N.D. Cal. July 10, 2012)..................... 15

*Robocast, Inc. v. Microsoft Corp*.,
  2014 U.S. Dist. LEXIS 22331 (D. Del. Feb. 21, 2014) ....................... 12

*San Disk Corp. v. Round Rock Research LLC*,
  2014 U.S. Dist. LEXIS 81290 (N.D. Cal. June 13, 2014) ................... 14

*Secured Mail Solutions, LLC v. Advanced Image Direct, LLC*,
  2013 U.S. Dist. LEXIS 150785 (C.D. Cal. Jan. 30, 2013) ................... 17

*SoftView LLC v. Apple Inc*.,
  2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2012) ..................... 14

*Solannex, Inc. v. MiaSole*,
  2011 U.S. Dist. LEXIS 101747 (N.D. Cal. 2011) .............................. 11

*Southwest Software v. Harlequin Inc*.,
  226 F.3d 1280 (Fed. Cir. 2000) ......................................................... 7

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co*.,
  2012 U.S. Dist. LEXIS 42749 (D. Del. Mar. 28, 2012) ..................... 16

*Straight Path IP Group, Inc. v. Vonage Holdings Corp*.,
  2014 U.S. Dist. LEXIS 42466 (D.N.J. Mar. 26, 2014).......................... 4

*Superior Indus., LLC v. Thor Global Enters. Ltd*.,
  700 F.3d 1287 (Fed. Cir. 2012) ................................................... 4, 18

*Symantec Corp. v. Computer Assocs. Int'l, Inc*.,
  522 F.3d 1279 (Fed. Cir. 2008) ....................................................... 18

*Symantec Corp. v. Veeam Software Corp*.,
  2012 U.S. Dist. LEXIS 75729 (N.D. Cal. May 31, 2012) ................... 17

*Synopsys, Inc. v. ATopTech, Inc*.,
  2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ................................... 18

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc*.,
  2011 U.S. Dist. LEXIS 99415 (N.D. Ill. Sep. 2, 2011) ........................ 3

*Trans Video Elecs., Ltd. v. Netflix, Inc*.,
  2014 U.S. Dist. LEXIS 28337 (D. Del. Mar. 4, 2014) ................... 18, 19

*Trs. of the Univ. of Pa. v. St. Jude Children's Research Hosp.*,
    2013 U.S. Dist. LEXIS 162010 (E.D. Pa. Nov. 13, 2013) ..................................... 12

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
    2013 U.S. Dist. LEXIS 151761 (S.D. Cal. Oct. 22, 2013) ..................................... 19

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ...................................................................... 16

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003) ...................................................................... 17

*WebMap Techs., LLC v. Google, Inc.*,
    2010 U.S. Dist. LEXIS 104137 (E.D. Tex. Sept. 10, 2010) ............................... 12, 15

*Wi-LAN USA, Inc. v. Research in Motion Ltd.*,
    2013 U.S. Dist. LEXIS 97203 (S.D. Fla. June 6, 2013) ........................................ 11

*Zamora Radio, LLC v. Last.FM, Ltd.*,
    758 F. Supp. 2d 1242 (S.D. Fla. 2010) ............................................................ 17

**Statutes**

35 U.S.C. § 271(b) ................................................................................................. 9

35 U.S.C. § 284 ..................................................................................................... 12

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 3

Federal Rule of Civil Procedure 8(a)(2) .................................................................. 4

Defendants FriendFinder Networks Inc. ("FriendFinder") and Streamray Networks Inc. ("Streamray") (collectively, "Defendants"), by and through their undersigned counsel, hereby move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff WAG Acquisition, LLC's ("Plaintiff" or "WAG") First Amended Complaint ("FAC") filed in the above-captioned matter.

## INTRODUCTION

Defendants previously filed a motion to dismiss Plaintiff's Complaint on July 8, 2014. (D.I. 10).  Recognizing the infirmity of its Complaint, Plaintiff amended its pleading on July 29. (D.I. 12).  But like the original Complaint, Plaintiff's FAC is a scattershot attempt to plead the "kitchen sink" of infringement claims.  And while Plaintiff now concedes that its contributory infringement claims are meritless, and has withdrawn the same, Plaintiff's remaining claims of infringement are improperly pled and should be dismissed as a matter of law.

First, and as a threshold matter, WAG is asserting an unenforceable patent with material errors in its claims.  Specifically, U.S. Patent No. 8,122,141 ("the '141 patent") contains claim language that was expressly removed by the United States Patent and Trademark Office ("PTO") during the prosecution of the patent to avoid "potential [35 U.S.C. §] 112 issues."  Only after that language was deleted did the PTO allow the '141 patent to issue.  But despite the PTO's intended deletions, the subject language remained in the '141 patent at issuance and remains in the asserted claims today.  WAG's claims of infringement based on the '141 patent must, therefore, be dismissed while WAG attempts to correct such errors.  Second, WAG's joint infringement claims fail as a matter of law because WAG does not – and cannot – demonstrate the requisite agency relationship between Defendants and the unnamed third-parties accused of infringement.  Third, WAG's willful infringement allegations remain unsupported by fact and do not meet the willfulness requirements established by the Federal Circuit in *In re Seagate Tech.*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).  Although WAG looks to circumvent the directives of *Seagate*

through arguments embedded in the FAC, those same arguments have been flatly rejected by other courts. And <u>fourth</u>, WAG's allegations of induced infringement remain in conclusory form and fall well short of the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, WAG's FAC does not allege sufficient facts that give rise to a plausible inference that Defendant intentionally induced others to infringe the patents-in-suit.[1]

The foregoing pleading requirements are designed to ensure that a patentee has alleged a sufficient factual basis for its claims and to put defendants on reasonable notice of those claims. Plaintiff's shotgun pleading does neither, and should be dismissed.

## RELEVANT FACTS

Plaintiff – a non-practicing entity ("NPE") by admission[2] – commenced this matter on May 30, 2014. (D.I. 1). This action is the latest of WAG's NPE activity in this District.[3]

Central to this motion is the date on which Plaintiff provided notice to Defendants of its asserted patents and corresponding claims of infringement. Here, WAG concedes that Defendants only became aware of the asserted patents and infringement claims upon receipt of the Complaint. *See* D.I. 12, ¶ 35 ("Defendants had notice of the patents-in-suit, and of their manner of infringement thereof, by reason of the filing of this action on May 30, 2014."). Plaintiff further suggests that

---

[1] In addition to the '141 patent, the patents-in-suit are U.S. Patent Nos. 8,327,011 ("the '011 patent"), 8,185,611 ("the '611 patent") and 8,364,839 ("the '839 patent").

[2] *See* D.I. 1, ¶ 68 ("[p]laintiff….does not currently practice the claims alleged herein to be infringed").

[3] WAG has filed at least seven (7) other litigations in this District within the last several months including: (1) *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd., et al.*, No. 14-01661; (2) *WAG Acquisition, L.L.C. v. Data Conversions, Inc., et al.*, No. 14-02345; (3) *WAG Acquisition, L.L.C. v. Multi Media LLC et al.*; No. 14-02340 (4) *WAG Acquisition, L.L.C. v. Flying Crocodile, Inc., et al.*, No. 14-02674; (5) *WAG Acquisition, L.L.C. v. Gattyan Group s.à.r.l., et al.*, No. 14-02832; (6) *WAG Acquisition, L.L.C. v. MFCXY, Inc., et al.*, No. 14-03456; and (7) *WAG Acquisition, L.L.C. v. Vubeology, Inc., et al.*, No. 14-04531.

2

"[it] sent a letter to Defendant FFN, also giving notice of the patents-in-suit and the manner in which Defendants infringe those patents." *Id.*, ¶ 36. However, WAG sent its so-called "Demand Letter" after the filing of this case. The letter was also designated as a Fed. R. Evid. 408 communication and therefore cannot serve as notice of the asserted patents.[4] Simply put, Defendants did not become aware of the patents-in-suit or Plaintiff's claims of infringement until <u>after</u> the filing of this action.

## RULE 12(B) STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Twombly*, 550 U.S. at 545. To state an actionable claim, a plaintiff must allege and provide factual support for each element of its asserted claims. *Iqbal*, 556 U.S. at 662 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555. To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of a complaint, factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Indeed, "legal conclusions draped in the guise of factual

---

[4] *See, e.g., Littlefuse, Inc. v. Pac. Eng'g Corp.*, 2013 U.S. Dist. LEXIS 184067, at *11-12 (E.D. Mich. June 21, 2013); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 U.S. Dist. LEXIS 99415, at *6-11 (N.D. Ill. Sep. 2, 2011) (ruling that plaintiff could not allege that defendants possessed prior knowledge of the patents by using settlement negotiation references to support a claim of indirect infringement); *Geary v. Motel Props., Inc.*, 2006 U.S. Dist. LEXIS 31915, at *3 (S.D. Ind. May 16, 2006) ("allowing the use of compromise materials in pleadings runs against the intent of Fed. R. Evid. 408 to encourage settlement negotiations at all points of a dispute.").

allegations may not benefit from the presumption of truthfulness." *Straight Path IP Group, Inc. v. Vonage Holdings Corp*., 2014 U.S. Dist. LEXIS 42466, at \*5-6 (D.N.J. Mar. 26, 2014); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

While pleadings of direct infringement are generally measured against Fed. R. Civ. P. Form 18, indirect, willful and joint infringement claims are held to the higher *Iqbal* and *Twombly* standard. *See e.g*., *Superior Indus., LLC v. Thor Global Enters. Ltd*., 700 F.3d 1287, 1295 (Fed. Cir. 2012); *Richmond v. Lumisol Elec. Ltd*., 2014 U.S. Dist. LEXIS 49486, at \*11-12 (D.N.J. Apr. 10, 2014) ("the sufficiency of pleadings for indirect infringement is measured by the United States Supreme Court's precedents under Federal Rule of Civil Procedure 8(a)(2)"); *NU Flow Techs. (2000) Inc. v. A.O. Reed & Co*., 2014 U.S. Dist. LEXIS 49870, at \*4 (S.D. Cal. Apr. 7, 2014) ("to be consistent with the requirement that allegations of indirect infringement meet the pleading standard of *Twombly* and *Iqbal*, courts have required allegations of joint infringement to meet the same pleading standard.").

## ARGUMENT

### A. The '141 Patent Is Unenforceable

#### 1. The '141 Patent Contains Material Errors

Defendants recently discovered material errors in the '141 patent that render that patent unenforceable. MacArthur Decl. Ex. 1 ('141 patent).[5] The '141 patent includes claim language that was <u>expressly removed</u> by the United States Patent and Trademark Office ("PTO") during the prosecution of the application leading to that patent. Specifically, the PTO Examiner removed the

---

[5] Defendants submit the accompanying Declaration of Andrew P. MacArthur ("MacArthur Decl.") in conjunction with and in support of their present motion. "Ex. #" refers to the numbered exhibits thereto.

phrase "*such as the Internet*" from independent claims 1, 10 and 24 upon consent of the applicants to avoid "potential [35 U.S.C. §] 112 issues."  MacArthur Decl. Ex. 2.

All participants (applicant, applicant's representative, PTO personnel):

(1) *MARSHALL MCLEOD*                          (3) *Ernest D. Buff*

(2) _____.                                              (4) _____.

Date of Interview: *29 September 2011*.

Type:     ☒ Telephonic   ☐ Video Conference
          ☐ Personal [copy given to: ☐ applicant   ☐ applicant's representative]

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.
    If Yes, brief description: _____.

Issues Discussed   ☐101  ☒112  ☐102  ☐103  ☐Others
(For each of the checked boxes above, please describe below the issue and detailed description of the discussion)

Claim(s) discussed: *1, 10 and 24*.

Identification of prior art discussed: _____.

Substance of Interview
(For each issue discussed, provide a detailed description and indicate if agreement was reached. Some topics may include: identification or clarification of a reference or a portion thereof, claim interpretation, proposed amendments, arguments of any applied references etc...)

*Informed applicant's representative of the potential 112 issues in the independent claims and suggested an examiner's amendment to address the issues. Applicant's attorney agreed to allow the examiner to amend claims 1, 10 and 24 by removing the phrase "such as the internet".*

*Id*., 1.

     Indeed, only after that language was deleted did the PTO allow the '141 patent to issue. *Id*., 2-5 (issuing a notice of allowance only after the removal of  "such as the Internet" based on "[a]uthorization for . . . [the] examiner's amendment . . . given in a telephone interview with Ernest D. Buff Reg. No. 25,833 on 29 September 2011."). But despite the PTO's required deletions – and the applicants' agreement to those deletions to obtain patentability – the phrase "*such as the Internet*" remained in independent Claims 1, 10 and 24[6] at patent issuance and remains in those asserted claims today.  *See* MacArthur Decl. Ex. 1.

     Defendants immediately notified WAG upon their discovery of these material errors and asked WAG to correct its claims to avoid costly motion practice.  MacArthur Decl. Ex. 3.  WAG,

---

[6] Significantly, 23 of the 24 claims of the '141 patent directly or indirectly contain the errors at issue.

however, dismissed Defendants' notice, refusing to even acknowledge the errors – let alone offer any assurance it would correct the same.  MacArthur Decl. Ex. 4.  Based on its cavalier response, it appears that WAG expects both Defendants and this Court to ignore the errors and allow WAG to continue to assert error-filled claims in this action.  That, of course, runs contrary to controlling law.  *See* pp. 6-7 *infra*.

The Federal Circuit recently addressed this issue and made clear that a "patentee cannot assert [a] claim [with material errors] until it has been corrected by the PTO…. [t]o hold otherwise would potentially permit patentees to assert claims that they never asked for nor rightly attained. <u>Such a result would be inequitable and undermine the notice function of patents</u>."  *H-W Tech., L.C. v. Overstock.com, Inc.*, 2014 WL 3377128, at *4 (Fed. Cir. 2014) (emphasis added).  In *H-W Tech.*, the patent in suit issued without certain claim limitation language from the underlying application. Because of this material error, the Court held that plaintiff could not assert the claim without it being corrected before the PTO.  *Id.*; *see also Energizer Holdings, Inc. v. I.T.C.*, 435 F.3d 1366, 1370 (Fed. Cir. 2006) (courts cannot rewrite claims to correct "material errors"); *Chef Am. Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004).

Here, the Federal Circuit has analogized the assertion of uncorrected claims to the issue of patent unenforceability.  *H-W Tech., L.C.*, 2014 WL 3377128 ("We note that this holding is, in some ways, more akin to unenforceability than invalidity—the framework generally used by the parties and the district court here. For example, unlike invalidity, unenforceability of a patent may be cured under certain circumstances.").  Like *H-W Tech.*, WAG cannot assert unenforceable patent claims in their current, uncorrected state.  This holds true regardless of whether the error is the presence of language that should have been omitted, or the omission of language that should have

been present.  Because WAG cannot assert claim language that it "never rightly attained," its '141 infringement claims should be dismissed as unenforceable.  *H-W Tech., L.C.*, 2014 WL 3377128.[7]

It is concerning that WAG failed to recognize the errors of its '141 patent before filing any of the eight litigations pending in this District.  Here again, the '141 patent was only allowed after the Examiner deleted "*such as the Internet*" from the proposed independent claims.  It is not inconceivable that the patentee would confirm these deletions in the final issued patent.  *Southwest Software v. Harlequin Inc.*, 226 F.3d 1280, 1295-96 (Fed. Cir. 2000) ("it does not seem to us to be asking too much to expect a patentee to check a patent when it is issued in order to determine whether it contains any errors that require the issuance of a certificate of correction.").[8]  WAG, however, did not perform such review, and is asserting the patent and its unenforceable claims without comment.  Due to WAG's oversight, Defendants are now in a position of defending against the same claim language that was specifically rejected by the PTO.

### 2.  The '141 Patent Errors Must Be Corrected

These errors cannot be corrected by the Court because they are not apparent from the face of the patent.  *H-W Tech., L.C.*, 2014 WL 3377128 (holding that a district court can correct a patent only if the error is evident from the face of the patent); *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) ("The error here is not evident on the face of the patent. The prosecution history discloses that the missing language was required to be added by the examiner as a condition for issuance, but one cannot discern what language is missing simply by reading the patent. The district court does not have authority to correct the patent in such circumstances.");

---

[7] The suggestion that these errors are immaterial is belied by the relevant prosecution history. Patent issuance was predicated on removal of the phrase "*such as the Internet*." Including that phrase in the final issued patent could not be a more material error.

[8] WAG's oversight only adds to Defendants' existing concerns over WAG's pre-suit diligence.

*Novo Indus., L.P. v. Micro Molds Corp.,* 350 F.3d 1348, 1357 (Fed. Cir. 2003). Like the errors in *H-W Tech.* and *Grp. One, Ltd.*, the errors here are only apparent after an analysis of the prosecution history in comparison with the issued claims. As such, the '141 patent must be dismissed from this case.[9]

**B.   WAG's Joint Infringement Claims Are Inadequately Pled**

While WAG's infringement theories remain muddled, WAG's claims of direct infringement are perhaps the most unclear of all. Plaintiff alleges direct infringement of unspecified claims from all four patents-in-suit. The '141, '611 and '839 patents include various method, server and media player claims, while the '011 patent includes only media player claims.

WAG's direct infringement allegations ostensibly require two actors: (1) defendants, who are alleged to prepare and send streaming media to an end user in response to the end user's request; and (2) an end user who requests such streaming media. Tellingly, there are no allegations in the FAC that any Defendant received any streaming transmissions; thus no Defendant is alleged to have sent *and* received streamed transmissions. Likewise, there is no allegation that the end users sent *and* received streamed transmissions. Therefore, WAG's allegations of direct infringement appear to be based on a theory of joint infringement. Indeed, the FAC suggests that Defendants "direct and control" end user's desktop computers and mobile devices to infringe the asserted claims. *See e.g.*, D.I. 12, ¶ 45 ("Defendants direct and control users' Players" [Players previously defined as desktop computers and mobile devices]).

Joint infringement, however, can only exist "if <u>one</u> party exercises control or direction over the entire process such that every step is attributable to the controlling party, *i.e.*, the

---

[9] Because the PTO and WAG *both* agreed to remove the "such as the Internet" claim language from the '141 patent to overcome "potential 112 issues," WAG's '611 patent, also containing the phrase "such as the Internet" in each independent claim, is indefinite. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014) confirms this point.

mastermind."[10] *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008)

(emphasis added); *see also Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech*., 709 F.3d 1348,

1363 (Fed. Cir. 2013); *Intellectual Ventures I LLC v. Nikon Corp*., 935 F. Supp. 2d 787, 790 (D.

Del. 2013); *Leader Techs., Inc. v. Facebook, Inc*., 770 F. Supp. 2d 686, 695-96 (D. Del. 2011).[11]

And direction or control will only arise where there is "an agency relationship or other contractual

obligation to perform the steps.'" *See e.g.*, *Encap LLC v. Oldcastle Retail, Inc*., 2012 U.S. Dist.

LEXIS 69587, at *14-15 (E.D. Wis. May 18, 2012) ("there can only be joint infringement when

there is an agency relationship between the parties who perform the method steps or when one

party is contractually obligated to the other to perform the steps.").  The FAC falls short on both

requirements.

        First, Plaintiff fails to identify a single "mastermind" that directs and controls the users'

activity.  It does not even use the term "mastermind" in its pleading.[12]  *See e.g.*, *NU Flow Techs.

(2000) Inc.*, 2014 U.S. Dist. LEXIS 49870, at *5-6 (Courts routinely "dismiss[] claims for joint

infringement where the plaintiffs did not set forth factual allegations regarding how any single

defendant was the "mastermind" of the operation and exercised "direction or control" over the

---

[10] Conversely, when a defendant participates in and/or encourages infringement in circumstances
without contractual control, the normal recourse under the law is under a theory of induced
infringement.  *BMC Res., Inc. v. Paymentech, L.P*., 498 F.3d 1373, 1379 (Fed. Cir. 2007).  But
WAG can no longer allege induced infringement of its method claims post-*Akami.  See Limelight
Networks, Inc. v. Akamai Techs., Inc*., 134 S. Ct. 2111, 2119 (U.S. 2014) (a defendant may not be
liable for inducing infringement under 35 U.S.C. § 271(b) unless a party has committed direct
infringement under § 271(a)).
[11] "Courts usually address joint infringement in the context of method claims. To the extent joint
infringement is alleged of system claims, however, the same 'control or direction' requirement
applies." *NU Flow Techs. (2000) Inc. v. A.O. Reed & Co*., 2014 U.S. Dist. LEXIS 49870, at *5-6
(S.D. Cal. Apr. 7, 2014); *see also Golden Hour Data Sys., Inc. v. Emscharts, Inc*., 614 F.3d 1367,
1380 (Fed. Cir. 2010).
[12] WAG, instead, seems to suggest that all named defendants and 20 unnamed "Doe" defendants
collectively direct and control user's Players – but makes no attempt to explain this theory.

other defendants); *see also Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, 2013 U.S. Dist. LEXIS 94568, at *4 (D. Del. July 8, 2013).  This is a fatal omission.

Second, WAG does not – and cannot -- allege that end users of streaming content are the legal agents of any Defendants or are otherwise obligated to receive the streaming transmissions. They are, as the FAC points out, simply Internet users.  Nor does WAG allege that the end users are contractually bound or otherwise obligated to perform any of the activities alleged in the FAC. WAG concedes this fact by arguing that Defendants take "strong steps" to induce users' activity. *See* D.I. 12, ¶ 58 ("Defendants take strong steps to induce users to try viewing their sites with infringing Players and Player Software") (emphasis added).  Indeed, if users were contractually bound or obligated to perform such activities, there would be no need for Defendants to take "strong steps" to induce the same.

**C.    Plaintiff's Willful Infringement Claims Run
        Afoul Of The Federal Circuit's *Seagate* Decision**

**1.    Pre-suit Knowledge Of The Asserted Patents Is Required To Sustain A Claim Of Willful Infringement**

The Federal Circuit has made clear that "in ordinary circumstances, willfulness will depend on an [accused] infringer's prelitigation conduct." *In re Seagate Tech.*, 497 F.3d at 1374 (emphasis added).  If and when an accused infringer acts willfully after a patent holder has filed suit for patent infringement, the patentee may "move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement." *Id*.  As an important corollary, a patentee who does not attempt to exercise its right to prevent further accused infringement by seeking a preliminary injunction "should not be allowed to accrue enhanced [willful] damages based solely on the infringer's post-filing conduct." *Id*.  This premise is best summarized in the recent *Rembrandt Social Media* decision:

> <u>Federal Circuit authority makes clear that an allegation of willful infringement must depend upon pre-suit knowledge of the patent in issue</u>. To conclude otherwise would lead to the anomalous result that every lawsuit alleging infringement could include a willful infringement claim based on simply the filing or the serving of the complaint. This anomalous result is neither sensible nor intended by the statutory patent damages provision. Not surprisingly, the parties cite no case, and none has been found, in which post-suit knowledge was held sufficient to support a claim for willful infringement.

*Rembrandt Soc. Media, LP v. Facebook, Inc*., 950 F. Supp. 2d 876, 884 (E.D. Va. 2013) (emphasis added) (internal citations omitted).

Echoing this rationale, courts throughout the United States have repeatedly held that a claim for willful infringement cannot stand without pre-suit knowledge of the asserted patent(s). *See, e.g.*, *ReefEdge Networks, LLC v. Juniper Networks, Inc*., 2014 U.S. Dist. LEXIS 37322, at *8 (D. Del. Mar. 21, 2014) ("ReefEdge has not pled sufficient facts to successfully allege Juniper's pre-suit knowledge of the patents-in-suit . . . [t]hus, ReefEdge's willful infringement claims will be dismissed."); *MyMedicalRecords, Inc. v. Jardogs, LLC*, 2014 U.S. Dist. LEXIS 1146, at *9 (C.D. Cal. Jan. 6, 2014) ("a plaintiff must plead presuit knowledge in order to adequately plead willful infringement."); *Wi-LAN USA, Inc. v. Research in Motion Ltd*., 2013 U.S. Dist. LEXIS 97203, at *13 (S.D. Fla. June 6, 2013) ("Plaintiff must therefore allege that Defendants had pre-suit knowledge of the '168 Patent to sustain its claims for induced, contributory or willful infringement."); *Netgear Inc. v. Ruckus Wireless Inc*., 2013 U.S. Dist. LEXIS 35686, at *4 (D. Del. Mar. 14, 2013) ("the court has indicated in its prior decisions that allegations of willful infringement are insufficient if the alleged infringer had no pre-suit knowledge of the patent-in-suit"); *Solannex, Inc. v. MiaSole*, 2011 U.S. Dist. LEXIS 101747, at *9-10 (N.D. Cal. 2011) (dismissing plaintiff's claim of willful infringement because it failed to allege that defendant had any pre-suit knowledge of the asserted patent); *LML Holdings, Inc. v. Pac. Coast Distrib*., 2012 U.S. Dist. LEXIS 75843, at *17 (N.D. Cal. May 30, 2012) ("LML cannot cite a single case in

which the fact that a suit was filed was grounds for a finding that an infringer's post-filing conduct alone of willfulness."); *IPVenture, Inc. v. Cellco P'ship*, 2011 U.S. Dist. LEXIS 5955, at *2 (N.D. Cal. 2011) (dismissing a claim of willful infringement due to the failure to allege facts supporting pre-suit knowledge of patents-in-suit).

### 2. Plaintiff Has Neither Alleged Pre-Suit Knowledge Of The Asserted Patents Nor Sought A Preliminary Injunction

Despite seeking a declaration "that each of Defendants' infringement has been willful" under 35 U.S.C. § 284, Plaintiff does not and cannot allege that Defendants had knowledge of the asserted patents before the May 30, 2014 filing of this Action.

Likewise, Plaintiff has not sought a preliminary injunction "which generally provides an adequate remedy for combating post-filing willful infringement." *In re Seagate Tech.*, 497 F.3d at 1374. Plaintiff, therefore, "should not be allowed to accrue enhanced damages" based solely on Defendants alleged post-filing conduct. *Id.*; *Trs. of the Univ. of Pa. v. St. Jude Children's Research Hosp.*, 2013 U.S. Dist. LEXIS 162010, at *34 (E.D. Pa. Nov. 13, 2013). Simply put, WAG's failure to seek a preliminary injunction now precludes its claims of willful infringement. *WebMap Techs., LLC v. Google, Inc.*, 2010 U.S. Dist. LEXIS 104137, at *11 (E.D. Tex. Sept. 10, 2010) ("Plaintiff does not rely upon any allegation of pre-filing willful infringement and has made no effort to stop [defendant's] alleged continued willful infringement . . . Plaintiff is not entitled to accrue enhanced damages for willful infringement"); *see also Robocast, Inc. v. Microsoft Corp.*, 2014 U.S. Dist. LEXIS 22331, at *34 (D. Del. Feb. 21, 2014); *Potter Voice Techs., LLC v. Apple Inc.*, 2014 U.S. Dist. LEXIS 1165, at *11-12 (N.D. Cal. Jan. 6, 2014).

### 3. Plaintiff's Attempt To Circumvent *Seagate* Is Unavailing

Recognizing the infirmity of its position, WAG attempts to salvage its willful infringement case through arguments embedded in the FAC. Specifically, WAG suggests that it "has <u>no</u>

available injunctive remedy at this time to mitigate Defendants' continued willful infringement" because of "factors concerning irreparable harm unrelated to the merits."  D.I. 12, ¶ 96.  Yet, in the same pleading, WAG seeks a permanent injunction which also requires a showing of irreparable harm. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) ("a plaintiff seeking a permanent injunction….must demonstrate [among other factors] (1) that it has suffered an irreparable injury…").

WAG makes additional contradictory statements in its pleadings to evade *Seagate* as illustrated in the table below.

| WAG's Complaint | WAG's First Amended Complaint |
| --- | --- |
| WAG first states:<br><br>*"Plaintiff... has actively practiced technology taught in the patents-in-suit, from then to the present."* D.I. 1, ¶ 13 (emphasis added).[13]<br><br>But then later in the same pleading claims:<br><br>*"Plaintiff does not compete with Defendants and does not currently practice the claims alleged herein to be infringed, and accordingly does not have an adequate preliminary injunctive remedy to prevent ongoing infringement, including willful infringement, by the Defendants."* D.I. 1, ¶ 68 (emphasis added). | WAG retreats from its prior statement that it "does not currently practice the claims alleged herein to be infringed" and now states:<br><br>*"Plaintiff has no available injunctive remedy at this time to mitigate Defendants' continued willful infringement….the non-competitive current position of the parties cuts against the availability of preliminary injunctive relief."* D.I. 12, ¶ 96 |

Regardless of these inconsistencies, Plaintiff's underlying argument that NPEs[14] need not seek a preliminary injunction to preserve a claim of willful infringement is unavailing and has been

---

[13] Tellingly, the FAC no longer includes WAG's admission that it does not currently practice the claimed technology. *Compare* D.I. 1, ¶ 68 with D.I. 12, ¶ 96.  WAG likely removed that statement because Defendants pointed out in their first motion that such language was inconsistent with other statements in the Complaint.  *See* D.I. 10-1 at 8-9.

[14] WAG has recently taken issue with Defendants' characterization of WAG as a non-practicing entity ("NPE").  But WAG itself admits that it does not practice any of the claimed technology of

flatly rejected by other courts. *McRO, Inc. v. Namco Bandai Games Am., In*c., 2013 U.S. Dist. LEXIS 100764, at *27-28 (C.D. Cal. July 11, 2013) ("While… non-practicing entities will often be denied preliminary injunctions under *eBay v. MercExchange, L.L.C.*, *Seagate* recognized that issue but nonetheless required such plaintiffs to attempt to obtain preliminary injunctions. . . .") (internal citations omitted) (emphasis added); *Anascape, Ltd. v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 111828, at *11-12 (E.D. Tex. Apr. 25, 2008) ("It is undisputed that [plaintiff] had the opportunity to, yet failed to move for a preliminary injunction. [plaintiff's] argument that it did not move for a preliminary injunction because it probably would have failed is unavailing. A party should not waive its rights, and the court cannot make its findings, based on a possible ruling in a hypothetical situation") (emphasis added).

Decisions from this circuit offer a similar conclusion. For example, in *SoftView LLC v. Apple Inc*., when faced the same argument WAG makes here, *i.e*., that "a non-practicing entity [is] less likely to succeed in securing injunctive relief," Judge Stark made clear that "a patentee cannot recover enhanced damages based solely on an accused infringer's post-filing conduct where the patentee has not sought a preliminary injunction." 2012 U.S. Dist. LEXIS 104677, at *27 (D. Del. July 26, 2012) (emphasis added).[15]

---

the asserted patents. *See* D.I. 1, ¶ 68. Thus, by definition, WAG is a NPE. *See e.g., San Disk Corp. v. Round Rock Research LLC*, 2014 U.S. Dist. LEXIS 81290, at * 4 (N.D. Cal. June 13, 2014). WAG's litigation activity in this District (*supra*, n.2) confirms Defendants' characterization; as does WAG's attempt to evade *Seagate* by arguing it does not practice the asserted patents.

[15] Unlike here, plaintiff's willful infringement claim in *SoftView* was based in part on defendants' pre-filing knowledge of the asserted patents, and allowed to proceed on those grounds only. Such allegations do not exist here.

In related cases pending before this Court, WAG has argued that *Seagate's* directive is simply dicta that need not be followed.  But that argument too has been flatly rejected.  Addressing this exact issue, Judge Scott of the Central District of Illinois explained:

> The Court agrees that the Federal Circuit's statements in *Seagate* about pre-filing and post-filing damages were dicta. <u>The statements in the *Seagate* opinion, however, are quite clear</u>. The Federal Circuit stated that a patent holder, such as GSI, has an adequate remedy for post-filing willful infringement through the pursuit of preliminary injunctive relief. The Federal Circuit further stated: "A patentee [such as GSI] who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." <u>This Court must follow the Federal Circuit</u>. GSI is not entitled to enhanced damages for any post-filing willful infringement; GSI could have stopped such infringement through preliminary injunctive relief.

*GSI Group, Inc. v. Sukup Mfg. Co.*, 591 F. Supp. 2d 977, 984-985 (C.D. Ill. 2008) (internal citations omitted).  Similarly, in *WebMap Techs., LLC v. Google, Inc.*, the court stated that "<u>even assuming [that] *Seagate* may be dicta on this point, the undersigned concludes it accurately reflects the **general rule in the Federal Circuit**</u>" and that "<u>no extenuating circumstances have been alleged in this case that would justify a departure from that rule.</u>"  2010 U.S. Dist. LEXIS 104137, at *12-13 (E.D. Tex. Sept. 10, 2010) (emphasis added).  Dicta or not, the *Seagate* directive requiring a party to seek a preliminary injunction to preserve its claim of willful infringement is the general rule of the Federal Circuit.  Like the courts in *GSI Group* and *WebMap Techs.*, the Court should follow that rule here.

### 4.   The FAC Offers No Facts To Support A Claim Of Willfulness

Even assuming *arguendo* that Defendants received notice of the asserted patents prior to the filing of this action – which they did not – Plaintiff's willful infringement claims would still fail because the FAC simply parrots the legal elements of willful infringement without alleging facts to support a claim for punitive damages.  *Pacing Tech., LLC v. Garmin Int'l, Inc.*, 2013 U.S. Dist. LEXIS 15728, at *11 (S.D. Cal. Feb. 5, 2013) ("a complaint with only 'a bare recitation of

the required legal elements for willful infringement or a mere allegation' will not survive a [Rule 12(b)(6)] motion. . . .") (citing *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, 2012 U.S. Dist. LEXIS 98641, at *3 (N.D. Cal. July 10, 2012)); *Honeywell Int'l Inc. v. ICM Controls Corp*., 2013 U.S. Dist. LEXIS 169064 (D. Minn. Nov. 22, 2013) ("because the willful-infringement allegations in [plaintiff's] Proposed Second Amended Complaint do not provide this Court with sufficient facts to infer that [defendant] acted despite an objectively high likelihood that its actions constituted infringement of valid patents, [plaintiff's] willful-infringement claims are futile and [defendant's] motion for leave to amend is denied."); *Monec Holding AG v. Motorola Mobility*, *Inc*., 897 F. Supp. 2d 225, 236 (D. Del. 2012).

WAG's lone, unsupported and conclusory statement that Defendants actions are "reckless" is insufficient. D.I. 12, ¶ 95 ("Defendants' continued reckless or intentional infringement at since at least the Notice Date renders this an extraordinary case"); *Cephalon, Inc. v. Sun Pharms., Ltd*., 2013 U.S. Dist. LEXIS 144576, at * 11 (D.N.J. Oct. 7, 2013); *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co*., 2012 U.S. Dist. LEXIS 42749, at *2 (D. Del. Mar. 28, 2012) (willful infringement must include factual allegations that show the infringer was "objectively reckless" as to the risk of infringement).

**D.    WAG's Induced Infringement Claims**
**Should be Dismissed as a Matter of Law**

Induced infringement requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  To allege inducement, a plaintiff must plead "facts plausibly showing that [defendant] specifically intended [its] customers to infringe the [patents-in-suit] and knew that the customer's acts constituted infringement."  *Id.*, 681 F.3d at

16

1339. That is, the plaintiff must demonstrate that a defendant had knowledge both of (1) the allegedly infringed patents and (2) that the acts it supposedly induced constituted patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-69 (2011); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003); *see Richmond*, 2014 U.S. Dist. LEXIS 49486, at *12.

Here, Plaintiff's inducement claims fail to plead Defendants' requisite knowledge and specific intent.[16]

### 1.   The FAC Fails To Allege Sufficient Knowledge

Plaintiff does not allege that Defendants had knowledge of the asserted patents before the filing of this lawsuit. Therefore, Plaintiff's allegations of inducement must be dismissed at least with respect to pre-suit claims – and should be dismissed outright. To this point, several courts throughout the country require pre-suit knowledge of the patents-in-suit to sustain any claim of indirect infringement. *See Proxyconn Inc. v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 70614, *14 (C.D. Cal. May 16, 2012) ("knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement.") (internal citations omitted); *see also Secured Mail Solutions, LLC v. Advanced Image Direct, LLC*, 2013 U.S. Dist. LEXIS 150785, at *22-28 (C.D. Cal. Jan. 30, 2013); *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267 (M.D. Fla. 2012); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, at *6-9 (W.D. Tex. June 17, 2011); *Zamora Radio, LLC v. Last.FM, Ltd.*, 758 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010). Other courts permit only post-suit claims of indirect infringement when

---

[16]  Plaintiff only asserts induced infringement claims for the '141 and '011 patents.

there is no pre-suit notice of the asserted patents.  *See, e.g., Symantec Corp. v. Veeam Software Corp.*, 2012 U.S. Dist. LEXIS 75729, at *4 (N.D. Cal. May 31, 2012).  It appears that no court in this District has issued a ruling on this split in authority.

**2.  The FAC Fails To Allege Specific Intent**

To state a claim for inducement, a plaintiff must aver "evidence of <u>culpable conduct</u>, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292-93 (Fed. Cir. 2008).  *See also Richmond*, 2014 U.S. Dist. LEXIS 49486, at *12; *Superior Indus.*, 700 F.3d at 1296 (affirming dismissal of inducement claim because "Superior does not allege any facts to support a reasonable inference that Thor specifically intended to induce infringement of the '231 Patent"); *Synopsys, Inc. v. ATopTech, Inc.*, 2013 WL 5770542, at *15 (N.D. Cal. Oct. 24, 2013); *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, 2012 Dist. LEXIS 168605, at *6 (N.D. Ill. Nov. 28, 2012) (dismissing inducement claim where complaint failed to state factual allegations of specific intent).

Here, WAG offers no evidence of culpable conduct.  Although it suggests that "Defendants take <u>strong steps</u> to induce users to try viewing their sites with infringing Players and Player Software," WAG fails to identify what those "steps" are.  *See* D.I. 12, ¶ 58 (emphasis added).  The FAC only references undescribed "instructions" that are allegedly viewed by third-party users. D.I. 12, ¶ 73 ("Defendants servers send electronic instructions causing the Players to load and execute compatible Player software"). But vague references to instructions without specifically describing the content of the same falls well short of demonstrating specific intent.  *See Trans Video Elecs., Ltd. v. Netflix, Inc.*, 2014 U.S. Dist. LEXIS 28337, at *13 (D. Del. Mar. 4, 2014) ("the bare reference to 'instructions . . . on how to use the accused product in such a way that infringes' is a

nullity….and because <u>the content of those 'instructions' is not further set out in the Complaint</u>, their content cannot be relied upon to help fill in the blanks.") (internal citation and quotations omitted) (emphasis added); *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, 2013 U.S. Dist. LEXIS 151761, at *8 (S.D. Cal. Oct. 22, 2013) ("these allegations also fail because they merely indicate that Defendant provides instruction, technical support, and training for using its own software, and nothing more. As such, Plaintiff's allegations are conclusory and not sufficient to plausibly infer that Defendant had the specific intent to induce others to infringe."). Plaintiff, similarly, does not "link up" the undescribed instructions with "conduct plausibly asserted to amount to direct infringement." *Trans Video Elecs.*, 2014 U.S. Dist. LEXIS 28337, at *14 ("In light of the lack of facts pled linking up any 'instructions' with conduct plausibly asserted to amount to direct infringement, the allegations as to this element, then, are insufficient as well.").[17]

Lastly, "Plaintiff does not make clear which of its indirect infringement allegations are made against each defendant . . . [n]or is it made clear whether the alleged acts of indirect infringement by each defendant were the same, thereby justifying the claims made against them as a group." Civil Minutes – General at 4, *Biosuccess Biotech Co. Ltd. v. Rich Pharm., et al.*, No. 14-cv-00310 (JAK) (C.D. Cal. May 16, 2014), ECF No. 38. It is, therefore, not clear from the

---

[17] Plaintiff also does not sufficiently plead how the unidentified third party end users of the accused instrumentalities directly infringe any of the asserted patents. WAG instead parrots the statutory language without providing specific details about the alleged direct infringement by such users. This does not suffice. *See EnLink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. 09-cv-3524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) (dismissing inducement claims where the "complaint merely repeats the exact language from the statute without adding any factual allegations"); *Execware, LLC v. Staples, Inc.*, No. 11-cv-836, 2012 WL 6138340, at *3 (D. Del. Dec. 10, 2012), report and recommendation adopted, No. 11-cv-836, 2013 WL 171906 (D. Del. Jan. 16, 2013) (dismissing indirect infringement claims because "[n]owhere in the amended complaint does Execware allege that Staples' customers actually used the accused software, or that Staples caused its customers to directly infringe the '139 patent.").

pleading how Plaintiff contends that each of the named and unnamed defendants in this action is indirectly infringing the asserted claims of the patents-in-suit.

WAG's inducement claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss.

Dated:  September 19, 2014                     Respectfully submitted,

                                               *s/ Leda Dunn Wettre*
                                                 Leda Dunn Wettre
                                               **ROBINSON, WETTRE & MILLER LLC**
                                               One Newark Center
                                               19th Floor
                                               Newark, NJ 07102
                                               Telephone No.: (973) 690-5400
                                               Facsimile No.: (973) 466-2760
                                               LWettre@rwmlegal.com

                                               **OF COUNSEL:**
                                               Frank M. Gasparo (*Pro Hac Vice*)
                                               Ralph A. Dengler (*Pro Hac Vice*)
                                               Todd M. Nosher
                                               Andrew P. MacArthur
                                               **VENABLE LLP**
                                               1270 Avenue of the Americas
                                               New York, New York 10020
                                               Telephone No.:  (212) 307-5500
                                               Facsimile No.:  (212) 307-5598
                                               FMGasparo@venable.com
                                               RADengler@venable.com
                                               TMNosher@venable.com
                                               APMacArthur@venable.com

                                               *Attorneys for Defendants*
                                               *FriendFinder Networks Inc. and*
                                               *Streamray Inc.*

20